Per Curiam.

Although the authority of an agent may be revoked by the lunacy of' his principal, yet the existence of the lunacy, before it can. have that effect, must be established by inquisition. There would be no safety in admitting any 'other evidence of a fact, which is to have an operation so extensive; and sound policy requires us to adopt this rule. It is conceded by the counsel for the defendants, that the mere existence of lunacy, cannot per se, operate as a revocation of the power, because the disease being often of a temporary character, may exist, and yet be removed within any given period of time. If the mere fact of lunacy operated, like death, to revoke the power instantly, *500 then any acts done under it, during the existence of the disease, would be void, even if the parties were ignorant of the principal’s situation. This is certainly not the law upon the subject. The mere existence of lunacy never operates to revoke a power, until the fact is judicially established by proper proceedings in Chancery. In such a case there can be no objection to allowing the effect, which the lunacy thus proved, might have upon the power; for a committee would then be appointed to take charge of the principal’s estate. Due notice would be given, and all the parties having an interest in the subject, would be apprized of the true slate of facts, and thus be put upon their guard.
In this case there is no evidence to show, that any proceedings have been had, to establish the fact of lunacy before the proper tribunals, although it is said, that on a former occasion, some application (the nature of which does not distinctly appear) was made to the Court of Chancery, in relation to the plaintiff’s estate. This evidence serves to show, that during the existence of the power, the plaintiff had been afflicted with this disease more than once, and had, during the same period, a lucid interval; for there could have been no other reason, why the proceedings in chancery were suspended, and finally dropped. Under every aspect of the case then, the only rule which the court can safely adopt, is to consider the power as subsisting and operative, until the fact of the plaintiff’s lunacy shall be established by a proper course of legal proceedings.
In this view of the subject, it is quite clear, that the defendants were bound to honor the checks of the plaintiff’s agent, and that they had no legal excuse for withholding the money deposited in their bank. It could not be necessary for the plaintiff to prove a formal demand, before the commencement of the suit, because the evidence shows, either that there had been a sufficient demand, or a waiver of it on the part of the defendants. It was proved, at the trial, that after some negotiation on the subject, the cashier of the bank finally proposed to pay the money now claimed, if the original power of attorney were deposited with the defendants; and this requisition not being complied with, the refusal to pay, was, in the end, distinctly put upon that ground.
*501 Now it is quite clear, that the defendants had no legal right to require the deposit of the original power. Being a general power, it was the right of the attorney to retain it, and in offering to give an attested copy of it, he did all that the defendants could properly require. Having thus placed their refusal to pay on an untenable ground, the defendants cannot now set up as a defence, the want of a formal demand, which was not alleged by them at the time. They finally recognized the authoiity of the attorney to receive the money, and the plaintiff, upon the evidence in the case, is entitled to recover. There must, therefore, be judgment for the plaintiff, for the amount of his deposits, together with interest thereon, from the commencement of the suit.

Judgment for the plaintiff.

[J. J. Roosevelt, Att’y for the plff. W. Slosson, Att'y for the deft.]
See Kent’s Com. (2. edi.) vol. 2. p. 645, and the cases there cited, namely, Huddleston’s case, cited in 2 Ves. 34. 1 Swanst. R. 514 n. Sayer v. Bennett, 1 Cox’s Cas. 107. Waters v. Taylor, 2 Ves. & Bea. 301. Inst. 2. 12. 1. Bell’s Com. Vol. 1, p. 489.